**FEDERAL DEPOSIT INSURANCE COR-PORATION, as Receiver for First National Bank of Hammon, and Federal Deposit Insurance Corporation, as receiver for First National Bank of Tipton, Plaintiffs,**

v.

**The KANSAS BANKERS SURETY COMPANY, a Kansas corporation, Defendant.**

No. CIV–89–1340–A.

United States District Court, W.D. Oklahoma.

March 8, 1990.

James Vogt, Reynolds Ridings & Hargis, Oklahoma City, Okl., for plaintiffs.

Ann L. Hoover, Myron L. Listrom, Sloan Listrom Eisenbarth Sloan & Glassman, Topeka, Kan., James E. Golden, Jr., Kirk & Chaney, Oklahoma City, Okl., for defendant.

ORDER

ALLEY, District Judge.

Several Oklahoma banks move the Court to quash subpoenas duces tecum served on them by plaintiff Federal Deposit Insurance Corporation (FDIC),[1] alleging that the FDIC has failed to comply with the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401–22.[2] The subpoenas direct the banks to produce the financial records of

1. Specifically, before the Court are motions from the following banks: Oklahoma National Bank and Trust Company; Continental Federal Savings and Loan Association; American Bank and Trust; Leadership Bank; City Bank and Trust; and Oklahoma Bank (formerly Century Bank).

2. One bank (American Bank and Trust) also contends that the FDIC's access to bank records is barred by Oklahoma's Financial Privacy Act, 6 O.S. §§ 2201–06. However, by its terms this Act is inapposite, for the "government authority" subject to its provisions must be an agency or officer of the State of Oklahoma. 6 O.S.

certain individuals or corporations using the banks' services. The Court has carefully considered the briefs and other pertinent materials. For the reasons noted below, the motions to quash are DENIED.

RFPA regulates the access of federal government agencies to the financial records of bank customers with the aim of protecting the confidentiality of such records. Among other things, agencies must give notice to bank customers that their records are being subpoenaed and provide them with an opportunity to object. *See* 12 U.S.C. § 3407(3). Principally, the banks contend that the FDIC is barred from access to the records at issue because it is undisputed that the FDIC has not given statutory notice to the individuals or corporations.

As to the corporations, the Court may dispose of the banks' objection with little discussion. Under settled law, RFPA confers no protection on corporations, as they are not "customers" under the statute. 12 U.S.C. § 3401(4), (5); *see Pittsburgh National Bank v. United States*, 771 F.2d 73, 75 (3d Cir.1985).

As to the individuals, the FDIC argues that it is excepted from the notice requirement by section 3413(b) of the statute (as amended by the Financial Institution Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. 101–73, § 942(1)). The Court agrees.

In pertinent part, section 3413(b) provides:

> This chapter shall not apply to the examination by or disclosure to any supervisory agency of financial records or information in the exercise of its supervisory, regulatory, or monetary functions, including conservatorship or receivership functions, with respect to any financial institution. . . .

12 U.S.C. § 3413(b). It is undisputed that the FDIC is a "supervisory agency". *Id.* § 3401(7).

However, the banks contend that the exception of section 3413(b) does not apply

here for two reasons: (1) when acting in its capacity as receiver, the FDIC is not exercising supervisory, regulatory, or monetary functions; and (2) even if the FDIC is exercising such statutory functions in its receivership capacity, the exception only permits the FDIC to gain access without notice to records possessed by the bank under its receivership. The banks' arguments must fail.

Under the express terms of section 3413(b), when acting in its receivership capacity, the FDIC is exercising supervisory, regulatory, or monetary functions. Further, it is equally plain that the statute does not impose the access limitation urged by the banks. *See Adams v. Board of Gov. of Federal Reserve Board*, 855 F.2d 1336, 1343 n. 6 (8th Cir.1988) (as to similar pre-FIRREA language, noting that section 3413(b) does not "require[ ] that the financial institution from which documents are obtained be the same as that which the Board is supervising at the time"). When acting as receiver for one bank the FDIC may gain reasonable access to the financial records of another bank's customers without notice. Accordingly, for the reasons noted, the motions to quash are DENIED.

It is so ordered.

---

§ 2202(c); *see Haworth v. Central National Bank*, 769 P.2d 740, 745 (Okla.1989). In any event, the Court concludes that its ruling on the access question under federal law is controlling. *See United States v. Wilson*, 571 F.Supp. 1417, 1421 n. 11 (S.D.N.Y.1983).